## KOCH v. ELLWOOD.

(Supreme Court, Appellate Division, Second Department.    May 26, 1910.)

**1. WILLS (§ 775*)—LEGACIES—DEATH OF LEGATEE.**

Testator devised certain land in controversy to his brother, who died before testator, leaving two sons and a daughter, who conveyed the land to defendant.   *Held*, that on the death of the brother the devise lapsed, and the devisee's children inherited the land from testator, with testator's other heirs.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1997;  Dec. Dig. § 775.*]

**2. COVENANTS (§ 118*)—BREACH—BURDEN OF PROOF.**

In an action for breach of a covenant of seisin, the burden is on plaintiff to prove a breach of covenant.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 211–215; Dec. Dig. § 118.*]

**3. ADVERSE POSSESSION (§§ 19, 21*)—USE OF LAND—"SUBSTANTIAL INCLOSURE"—"CULTIVATED."**

Defendant purchased an acre tract of salt meadow in January, 1887, but by his deed acquired only an undivided one-fifth of the land, which for at least 30 years had been surrounded by a ditch or ditches, and in part by a branch of a creek.   After defendant acquired his deed, he cut the salt grass from the land, which was the only use to which it was adapted until February 15, 1907, when he conveyed the land to plaintiff. *Held*, that the ditch or ditches, and creek, constituted a "substantial inclosure," and that the land had been usually "cultivated" so as to give defendant title by adverse possession.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 99–105, 109–110;  Dec. Dig. §§ 19, 21.*

For other definitions, see Words and Phrases, vol. 7, p. 6739;  vol. 8, p. 7807;  vol. 2, p. 1781.]

**4. TENANCY IN COMMON (§ 14*)—CONVEYANCE BY CO-TENANTS—OUSTER.**

A conveyance by certain co-tenants of the entire property to a third person, who thereafter claims title under the deed, is an ouster of the other co-tenants.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. § 39; Dec. Dig. § 14.*]

**5. COVENANTS (§ 122*)—BREACH—PRIMA FACIE CASE.**

Where, in an action for breach of a covenant of seisin, plaintiff showed legal title by inheritance of a portion of the land in certain of the heirs of a former owner, he thereby established a prima facie case under the rule that possession is presumed to follow the legal title.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 224;  Dec. Dig. § 122.*]

**6. ADVERSE POSSESSION (§ 112*)—PRESUMPTIONS.**

Code Civ. Proc. § 369, vesting title by adverse possession under a written instrument or judgment, is a statute of repose to which section 376 provides exceptions, so that where plaintiff in an action for breach of a covenant of seisin claimed that the case was within one of the exceptions, so that defendant had not title by adverse possession as alleged, the burden was on plaintiff to establish the fact.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 651–668;  Dec. Dig. § 112.*]

Appeal from Special Term, Richmond County.

Action by Max Koch against William Ellwood.   Judgment for defendant, and plaintiff appeals.   Affirmed on the opinion at Special Term (Thomas, J.), which is as follows, to wit:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The land in question consists of eight acres of salt meadow, lying between Midland Beach and South Beach, in the borough of Richmond. Isaac Barton had the title. He died December 8, 1860, leaving a will probated February 15, 1861, whereby the land was devised to his brother, Samuel Barton, who had died in 1858, leaving as his heirs at law Edward P. Barton, Samuel Barton, sons, and Anna L. Hazard, daughter, who conveyed to the defendant on the 6th day of January, 1887. The defendant conveyed to plaintiff by deed dated February 15, 1907, containing covenant of seisin for alleged breach of which this action has been brought. The answer admits the covenant and denies the breach.

Unless the defendant held by adverse possession, there was a breach. as the devise to Samuel Barton lapsed, and his children inherited from their uncle Isaac. one-sixth interest, which later by the death of Joseph Barton, a brother of Isaac, was increased to a one-fifth interest. The remaining five-sixths interest were at Isaac's death taken by his brother Joseph and descendants of deceased sisters. The plaintiff was bound to prove breach of the covenant. Woolley v. Newcombe, 87 N. Y. 605; Zarowski v. Schroeder, 71 App. Div. 529, 75 N. Y. Supp. 1021.

The plaintiff showed that the defendant had no title to four-fifths of the land by deed or by inheritance. But the defendant claimed title by adverse possession, and I conclude he had such title at the time of his conveyance. The land has been for at least 30 years surrounded by a ditch or ditches and in part by a branch of New creek, constituting in a legal sense a "substantial inclosure," and has been "usually cultivated." The cultivation is that usual in that vicinity for such land, and is such as the nature of the land alone permits. The salt grass has been cut. To this, and this use only, the land is adaptable. To mow annually salt grass from a salt marsh is equivalent to the annual mowing of a superior quality of grass on firmer and drier ground, and the humbler and less profitable and productive crop is none the less in the quality of the act a cultivation of the soil. If such cultivation does not meet the requirements of the statute, such land cannot become the subject of adverse possession through cultivation.

Since writing the above, I find that the Appellate Division of this Department, Mr. Justice Miller writing the opinion, has definitely approved of such holding. Shinnecock, Hills & Peconic Bay Realty Co. v. Aldrich, 132 App. Div. 118, 116 N. Y. Supp. 532.

I do not understand that in Roberts v. Baumgarten, 110 N. Y. 380, 18 N. E. 96, the court found that the devotion of the land to the annual cutting of salt meadow grass could not be sufficient evidence of adverse possession, but "that an occasional resort to lands," such as was shown in the case at bar, would be insufficient evidence of possession. In Wheeler v. Spinola, 54 N. Y. 376, 387, the plaintiff "once a year * * * entered upon" the land "and cut and removed a load of thatch," and it was held that such act could not confer title by adverse possession.

So in Price v. Brown, 101 N. Y. 669, 5 N. E. 434, "an occasional foray" upon the land for grass or sand was held insufficient. In Roe v. Strong, 119 N. Y. 316, 23 N. E. 743, the cutting of thatch was considered evidence of adverse possession. In Trustees of Town of East Hampton v. Kirk, 84 N. Y. 215, 221, 38 Am. Rep. 505, it was held that the act of taking seaweed was evidence of adverse possession.

The adverse possession was sufficient in time. The children of Samuel Barton took the land and thereafter had exclusive possession of it. That is, they alone gathered the crop, they rented it, they sold it to Ellwood. He claimed under his deed and did what others had done, paid the taxes, and was the reputed owner. No one of the other persons inheriting interest in the land, so far as the record shows, has had any actual relation to it. Even if the possession of the Bartons should be deemed the possession of their co-tenants, their grant to Ellwood was hostile to such tenants, and Ellwood claimed title under such deed from January, 1887, to February, 1907. This brings the case within sections 369 and 379 of the Code. It may be objected that some of the descendants of some of the heirs of Isaac were infants at the time of such conveyance. As observed, the burden of proof is upon the plaintiff to show breach of the covenant. The plaintiff shows legal title by inheritance of a

portion of the land in certain of Isaac's heirs. The possession is presumed to follow the legal title, and such evidence makes a prima facie case for the plaintiff. This the defendant meets by showing adverse possession for 20 years, and thereby brings himself within the Code section cited. This is a general statute of repose, to which there are exceptions in section 376. If the plaintiff claims that the case falls within an exception to the statute, I think that he should prove it, as the rule usually requires, and that the defendant, having brought himself within the main section, is not bound to show that there were disabilities of some one or all the varieties for which section 375 provides.

Decree for defendant, with costs.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Paul Gross, for appellant.
L. W. & A. B. Widdecombe, for respondent.

PER CURIAM. Judgment affirmed, with costs, upon the opinion of Mr. Justice Thomas at Special Term.

---

GIBSON v. McDONALD.

(Supreme Court, Appellate Division, First Department. June 3, 1910.)

1. CORONERS (§ 8*)—POWERS.

A "coroner," in certain classes of cases, is a magistrate, with power to hold examinations, issue warrants, and commit or discharge a person suspected of crime.

[Ed. Note.—For other cases, see Coroners, Cent. Dig. § 11; Dec. Dig. § 8.*

For other definitions, see Words and Phrases, vol. 2, pp. 1600–1601.]

2. FALSE IMPRISONMENT (§ 20*)—DEFENSES—ANSWER.

In an action against a coroner for false arrest and imprisonment, as the result of an investigation by him as to the probable cause of a decedent's death, the coroner, being an officer of limited and restricted jurisdiction, was entitled to plead specifically, both in justification and mitigation of damages, the facts leading up to the issue of the warrant which defendant claimed it would be necessary to prove to establish the validity of the warrant and his right to issue it.

[Ed. Note.—For other cases, see False Imprisonment, Dec. Dig. § 20.*]

3. PLEADING (§ 364*)—REDUNDANT MATTER—ORDER TO STRIKE.

An order to strike out matter as redundant is not a substitute or an alternative for a demurrer, and is unavailable to eliminate an entire defense, even though it is insufficient in law.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*]

4. PLEADING (§ 367*)—SEPARATE DEFENSES—DISTINCTION.

Designation of matter in an answer as "a fifth and further answer," instead of "defense," was too trivial a defect to justify an appeal to the court to correct it by a motion to make more definite and certain.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1173–1193; Dec. Dig. § 367.*]

5. PLEADING (§ 365*)—CORRECTION—CONDITION.

An order sustaining a motion to strike out parts of an answer improperly provided that defendant was "permitted" to serve an amended an-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.